UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEIU, UNITED HEALTHCARE WORKERS - WEST,<br><br>        Plaintiffs,<br><br>   v.<br><br>CITY OF FRESNO, a California Municipal Corporation; FRESNO AREA EXPRESS, California Municipal Agency; KENNETH HAMM, Director of Transportation, sued in his official and personal capacity; JOHN DOWNS, Senior Transportation Planner; sued in his official and personal capacity; JEFF LONG, Planning Coordinator II, sued in his official and personal capacity; and DOES 1 through 25, inclusive,<br><br>        Defendants. | 1:08-cv-1129 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 12/2/09<br><br>Non-Dispositive Motion Filing Deadline: 12/17/09<br><br>Dispositive Motion Filing Deadline: 1/4/10<br><br>Settlement Conference Date: 12/9/09 10:00 Ctrm. 7<br><br>Pre-Trial Conference Date: 3/16/10 11:00 Ctrm. 3<br><br>Trial Date: 4/20/10 9:00 Ctrm. 3 (JT-4 days) |

I.   Date of Scheduling Conference.

    November 19, 2008.

II.  Appearances Of Counsel.

    Weinberg, Roger & Rosenfeld by Bruce Harland, Esq., appeared on behalf of Plaintiffs.

    Betts & Wright by Joseph D. Rubin, Esq., appeared on behalf

1

of Defendants.

III.   Summary of Pleadings.

    1.   Plaintiff contends that the Defendants violated 42 U.S.C. § 1983, the First and Fourteenth Amendments of the U.S. Constitution and Article I, §1, subdivision (a) California State Constitution when it prohibited Plaintiff from purchasing an advertisement to be placed on the outside of Fresno City's buses.

    2.   Defendants contend that they have not violated 42 U.S.C. § 1983 and/or the California Constitution in the treatment of Plaintiff.  Moreover, Plaintiff's claims are barred by affirmative defenses, such as statutory or common law immunities.

IV.   Orders Re Amendments To Pleadings.

    1.   At this time, Plaintiff does not anticipate filing an amended pleading; however, if Defendants file another Rule 12 motion, it may be necessary to amend Plaintiff's pleading at a later date.

    2.   At this time Defendants have not answered, and anticipate filing a Rule 12 motion to the First Amended Complaint.  Moreover, due to the fact that discovery has just recently commenced, defendants have not had sufficient opportunity to determine the underlying facts and contentions. As a result, it may be necessary to amend their pleadings at a later date.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   Plaintiff sought to place an advertisement on City buses.

2

    2.    Defendant City of Fresno denied the proposed advertisement as written based on its standards.

    3.    Plaintiff was notified of the City's decision.

  B.  Contested Facts.

    1.    At this time, the parties dispute all other facts.

VI.  Legal Issues.

  A.  Uncontested.

    1.    Jurisdiction exists under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Supplemental jurisdiction is invoked under 28 U.S.C. § 1367.

    2.    Venue is proper under 28 U.S.C. § 1391.

    3.    As to supplemental claims, the parties agree the substantive law of the State of California provides the rule of decision.

  B.  Contested.

    1.    Whether Defendant is liable for violation of 42 U.S.C. § 1983, or the California Constitution.

    2.    What type of forum is a City bus for First Amendment analysis.

    3.    Whether Plaintiff has properly exhausted its administrative remedies.

    4.    Whether Defendants were privileged and justified in its actions with respect to Plaintiff.

    5.    Whether Plaintiff suffered any damages.

    6.    Whether Defendants caused any damages.

    7.    Whether Plaintiff's claims are barred by the affirmative defenses asserted by Defendants.

    8.    Whether Plaintiff can assert a direct claim

against a department of the City.

        9.   Whether Plaintiff can assert an official capacity claim against the individual Defendants.

VII. Consent to Magistrate Judge Jurisdiction.

    1.   The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.   Corporate Identification Statement.

    1.   Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.   Discovery Plan and Cut-Off Date.

    1.   The parties are ordered to complete all non-expert discovery on or before October 1, 2009.

    2.   The parties are directed to disclose all expert witnesses, in writing, on or before October 2, 2009. Any rebuttal or supplemental expert disclosures will be made on or before November 2, 2009. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are

4

not disclosed pursuant to this order.

    3.   The parties are ordered to complete all discovery, including experts, on or before December 2, 2009.

    4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

    1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 17, 2009, and heard on January 22, 2010, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

    2.   In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.   All Dispositive Pre-Trial Motions are to be filed no later than January 4, 2010, and will be heard on February 8, 2010, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.   Pre-Trial Conference Date.

    1.   March 16, 2010, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

## XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed that exceed ten pages and any motions that have exhibits attached. Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

## XIII. Trial Date.

    1.    April 20, 2010, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    This is a jury trial.

    3.    Counsels' Estimate Of Trial Time:

        a.    4 days.

    4.    Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

## XIV. Settlement Conference.

    1.    A Settlement Conference is scheduled for December 9, 2009, at 10:00 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

    2.    Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the

Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

      3.   Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

      4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement.  The statement should not be filed with the Clerk of the Court nor served on any other party.  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.  Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

      5.   The Confidential Settlement Conference Statement shall include the following:

           a.   A brief statement of the facts of the case.

7

       b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

       c.   A summary of the proceedings to date.

       d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

       e.   The relief sought.

       f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

   1.   As to bifurcation, the Defendant will seek bifurcation of Monell issues.

XVI. Related Matters Pending.

   1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

   1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

   1.   The foregoing order represents the best

estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

    3.   Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   November 19, 2008**               /s/ Oliver W. Wanger
UNITED STATES DISTRICT JUDGE